**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| NICK SMITH, GDC ID # 1001285433, | : CIVIL ACTION NO. |
| a/k/a King Nicodemus, Gov't of New Zion, | : 1:17-CV-05086-WSD-JSA |
|     Plaintiff, | : |
| | : |
| v. | : |
| | : |
| UNITED STATES, | : PRISONER CIVIL ACTION |
|     Defendant. | : 28 U.S.C. § 1983 |

**MAGISTRATE JUDGE'S FINAL REPORT AND RECOMMENDATION**

Plaintiff has received leave to proceed *in forma pauperis* and has paid his initial partial filing fee in this 42 U.S.C. § 1983 action, which is now ready for an initial screening.

**I.     The Legal Framework**

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under color of state law deprived him of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Richardson v. Johnson*, 598 F.3d 734, 737 (11th Cir. 2010). Title 28 U.S.C. § 1915A requires a federal court to conduct an initial screening of a prisoner complaint seeking redress from a governmental entity, or from an officer or employee of such an entity, to determine whether the complaint (1) is frivolous, malicious, or fails to state a claim upon which

relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief. A complaint is frivolous when it "has little or no chance of success"—for example, when it appears "from the face of the complaint that the factual allegations are clearly baseless[,] the legal theories are indisputably meritless," or "the defendant's absolute immunity justifies dismissal before service of process." *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (internal quotations omitted). To have some chance of success, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations omitted).

## II. Discussion

Plaintiff, a state prisoner, is serving a life sentence for rape and other sex crimes against children committed in 2012.[1] Plaintiff presents himself as the King of New Zion and demands release based on "the King statute" and various international agreements. His only substantive claims are that he is falsely imprisoned because he was falsely arrested, charged and convicted based on illegally obtained evidence and in violation of his due process rights when the state withheld credible evidence in his

---

[1] *See* www.dcor.state.ga.us/GDC/OffenderQuery/jsp/OffQryRedirector.jsp for GDC ID # 1001285433 (last visited Mar. 22, 2018).

2

favor. (Doc. 1 at 3-4; Doc. 1-1). By way of relief, he seeks:

> Renew immigration statute, by return to the government of New Zion; to be released to its authorities and its laws as decision making to present all[e]gation made against by local officer. Change of custody by extradition to the state of New Zion Government.

(Doc. 1 at 4).

The Supreme Court's relevant precedents, "taken together, indicate that a state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005); *see also Cooks v. Sec'y, Fla. Dep't of Corr.*, 599 Fed. Appx. 940, 941 (11th Cir. 2015) ("As the Supreme Court stressed in *Dotson*, 544 U.S. at 81, we must 'ensure that state prisoners use only habeas corpus (or similar state) remedies when they seek to invalidate the duration of their confinement—either *directly* through an injunction compelling speedier release or *indirectly* through a judicial determination that necessarily implies the unlawfulness of the State's custody.' " (citation altered) (emphasis in *Dotson*)).

There is no indication that Plaintiff's convictions have been invalidated, and

therefore his § 1983 claims — which challenge the basis for his convictions and whose "success in [this] action would necessarily demonstrate the invalidity of [his] confinement," *see Dotson*, 544 U.S. at 82 — may not proceed.  And, as noted above, Plaintiff may obtain release from prison only via a habeas corpus petition, but only after first exhausting his state court remedies.  *See* 28 U.S.C. § 2254.  Because there is no indication that Plaintiff has exhausted those remedies, the Court declines to treat Plaintiff's civil rights complaint as a habeas petition.

### III.  Conclusion

**IT IS THEREFORE RECOMMENDED** that Plaintiff's complaint be **DISMISSED** for failure to state a claim.  *See* 28 U.S.C. § 1915A.

The Clerk is **DIRECTED** to withdraw the reference to the Magistrate Judge.

**SO RECOMMENDED** this 23rd day of March, 2018.

_____
JUSTIN S. ANAND
UNITED STATES MAGISTRATE JUDGE